UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| NOEL CLIVE, | ) | CASE NO. 4:09 CV2126 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| J. T. SHARTLE, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is *pro se* petitioner Noel Clive's habeas petition filed pursuant to 28 U.S.C. § 2241. Mr. Clive, who is incarcerated at the Federal Correctional Center in Elkton, Ohio (F.C.I. Elkton) names F.C.I. Elkton Warden J.T. Shartle as respondent. Petitioner seeks immediate release to a Residential Re-entry Center (RRC).

## *Background*

In 2006, Mr. Clive pleaded guilty to Travel with Intent to Engage in Illicit Sexual Conduct with a Minor in violation of 18 U.S.C. § 2423(b) & (e)(2). *See United States v. Clive*, No. 2:05-cr-00383 (W.D. Pa. filed Dec. 15, 2005). The court sentenced him on October 27, 2006, to 57 months in prison, followed by 10 years of supervised release.

Prior to self-surrendering to federal prison, petitioner notes he was permitted to remain free on an unsecured bond for 20 months. When he did report to his unit counselor "CC Wilson" in prison, he was allegedly "told verbally that 'when the time comes' he would be eligible,

and - **notably** - that the choice of placement would be 'pretty much' up to Plaintiff." (Pet. at 4)(emphasis in original.) He alleges further that his case manager "corroborated that understanding" a few days later.

After the Ninth Circuit decided *Rodriguez v. Smith*, 541 F.3d 1180 (9th Cir. 2008), petitioner believed the holding "directly applies to him individually," and requested immediate transfer to an RRC. Exhausting his administrative remedies through the Bureau of Prisons, his request for immediate placement in a half-way house was denied at each level. It was explained to Mr. Clive that, consistent with the Second Chance Act of 2007, his placement in an RRC would be evaluated 17 to 19 months before his scheduled release date on February 18, 2011. The petition before this Court followed.

Mr. Clive now argues he is entitled to immediate release because he received "verbal confirmation" from the BOP and because *Rodriguez* held "there is no statutory bar against transferring Petitioner immediately to home confinement." (Pet. at 5.) He claims *Rodriguez* established that BOP regulations are "subordinate to relevant statutes such as 18 U.S.C. §§ 3621, 3624, etc." (Pet. at 5.) As such, he reasons the BOP is not required to wait until the "last ten percent of the prison term" before it considers a prisoner's eligibility for placement in community confinement.

### *Standard of Review*

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*" 28 U.S.C. § 2243 (emphasis added). Based on an initial review of the

petition, petitioner is not entitled to an award of the writ.

### *Consideration for RRC Placement*

Congress has vested the BOP with the right "to exercise complete and absolute discretion in matters relating to the incarceration and classification of lawfully convicted prisoner," 18 U.S.C. § 3621; *Moody v. Daggett*, 429 U.S. 78, 88 (1976); *Beard v. Livesay*, 798 F.2d 874 (6th Cir.1986). Contrary to Mr. Clive's suggestion, convicted persons have no constitutional or inherent right to be released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Moreover, nothing in the Due Process Clause confers any right upon an inmate to any particular custody or security classification. *Moody v. Daggett*, 429 U.S. at 88; *Montanye v. Haymes*, 427 U.S. 236, 242 (1976). The Supreme Court has clarified that inmates do not have a liberty interest in retaining or receiving any particular security or custody status "[a]s long as the [challenged] conditions or degree of confinement is within the sentence imposed ... and is not otherwise violative of the Constitution." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983).

Existing case law clearly does not support any assertion the BOP is required to release Mr. Clive to an RRC simply because he believes he is eligible. As noted, he has no due process right, protected by the Fifth Amendment, to be placed in a community center any earlier than the date on which the BOP assigns him. To the extent petitioner believes *Rodriguez* provides that right, his reasoning is misplaced.

In *Rodriguez*, the Ninth Circuit attacked BOP regulations which categorically excluded CCC placement of inmates with more than ten percent of their sentences remaining. This broad exclusion, however, failed to apply the mandatory factors listed in § 3621(b) to those inmates.

As a result, the *Rodriguez* court determined that the BOP's failure to consider the five statutory factors when evaluating eligibility for placement in or transfer to an RRC violated Congress's clear intent to apply each of these factors in making inmate transfer or placement determinations to " any available penal or correctional facility." 18 U.S.C. § 3621(b).  Thus what *Rodriguez* established, and what the BOP explained, is that a prisoner *is entitled to be considered* for community placement before 10% of his prison sentence remains---as long the BOP has evaluated the factors set forth in § 3621(b), as required by the Second Chance Act of 2007.[1]

Petitioner has not been advised to wait until 10% of his prison term remains before he is eligible for consideration for RRC placement.  Instead, Mr. Clive was notified that between July and September 2009 the BOP would begin the process of considering him for RRC placement based on the factors set forth in §3621(b).  Because petitioner's Good Conduct Release date is February 18, 2011, the BOP's proposed actions were consistent with the provisions of the Second Chance Act of 2007.

Finally, even the *Rodriguez* court would deny petitioner's request for immediate transfer to an RRC.  Because there is no mandate to place prisoners in a C.C.C., *see Elwood v. Jeter*, 386 F.3d 842, 846-47 (8th Cir.2004) (although the BOP has the authority to place a prisoner in a CCC for more than the final 10% of his sentence, the BOP is not required to do so), the principle question *Rodriguez* posed was whether the BOP properly exercised its discretion before making such

---

[1]The Second Chance Act of 2007, PUB.L. NO. 110-199, which was enacted on April 9, 2008, amended 18 U.S.C. § 3624(c)(1). The amendment to 18 U.S.C § 3624(c)(1) provides that the Director of the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." Second Chance Act § 251, 122 Stat. at 692.

a determination. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235 (3d Cir.2005).² To the extent the BOP failed to properly exercise its discretion in *Rodriguez*, the Ninth Circuit affirmed that the appropriate relief was to order the BOP to properly exercise its discretion, not to immediately release the petitioner to an RRC.³

### *Conclusion*

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

       /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 2/1/10

---

²The Third Circuit explained its reasoning, as follows:

> We have held that the BOP may transfer an inmate to a[CCC] or like facility prior to the last six months or ten percent of his sentence. In exercising its discretion in this matter, the BOP must consider the factors set forth in § 3621(b). However, that the BOP may assign a prisoner to a[CCC] does not mean that it must. Therefore, the appropriate remedy is an order requiring the BOP to consider-in good faith-whether or not [petitioner] should be transferred to a[CCC] ....

*Woodall*, 432 F.3d at 251.

³*See Rodriguez v. Smith*, No. 1:07-CV-00190, 2007 WL 628663, at *8 (E.D.Cal. Feb. 28, 2007)("To the extent that Petitioner requests an immediate transfer to an RRC, his request should be denied. The remedy in this case is not an immediate transfer; rather, Petitioner's remedy is a proper exercise of discretion by Respondent."), *adopted by id.,* 2007 WL 1101474 (E.D. Cal. Apr. 12, 2007), *affirmed by Rodriguez*, 541 F.3d at 1187.